IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUN 2 0 2013

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

**DANIEL ARGUELLES,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

Civil Action No. 1:11cr49
Criminal Action No. 1:12cv55
(JUDGE KEELEY)

# REPORT AND RECOMMENDATION THAT §2255 MOTION BE DENIED

## I. Introduction

On March 12, 2012, the *pro se* petitioner filed a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc.67-2).[1] On June 7, 2012, an Order was entered directing the respondent to answer. (Doc. 72). The government filed its response to the petitioner's motion on June 25, 2012 (Doc.76).

## II. Facts

### A. Conviction and Sentence

The petitioner was named in an eight-count indictment, along with a co-conspirator, issued by a grand jury sitting in the Northern District of West Virginia on May 3, 2011. The petitioner was named in four counts charging him with distribution of marijuana and one count charging him with

---

[1] The petitioner actually filed a letter, which resulted in a notification of his right to proceed under § 2255. (Doc. #63). The petitioner elected to proceed under § 2255 (Doc. 65), and his form motion was received on April 30, 2012, but docketed as of the date of his original letter. (Doc. 67-2).

1

a conspiracy to distribute marijuana and cocaine.

On August 3, 2011, the petitioner pleaded guilty to Count One of the indictment, which charged him with a conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). On October 13, 2011, the petition was sentenced to 90 months imprisonment to be followed by three years of supervised release.

In the plea agreement, the petitioner agreed to waive his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding the waiver:

> 14. If the Court finds that the guideline level before any credit for "Acceptance of Responsibility" (known in the PSR as the "Adjusted Offense Level") is level 28 or less and does not vary or depart above that advisory guideline, then the defendant waives the right: 1)to appeal whatever sentence is imposed on any ground, including any appeal right conferred by 18 U.S.C. §3742; and 2) to challenge the conviction or the sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28. United States Code, Section 2255.

Plea Agreement (Doc.39, p.4).

On August 3, 2011, the petitioner entered his plea in open court. The petitioner was sworn and testified that: he was 31 years old; graduated from high school; could read, write, speak, and understand English; had not consumed any medicines, drugs, or alcohol within the previous 24 hours; and understood that he must tell the truth. He further testified that he had not been treated recently for a mental illness or addiction to narcotic drugs of any kind. (Doc. 74, pp. 4, 11-13). The petitioner answered "yes" when asked if he understood that he should feel free to ask the Court for an explanation of its questions or seek advice of counsel before answering any of them. (Doc. 74, p.3). The Assistant United States Attorney ("AUSA") summarized the plea agreement in open court

and specifically stated that paragraph 14 waived the petitioner's appellate and collateral attack rights. (Doc. 74, p. 8). The Court then verified the petitioner's understanding that he was giving up the majority of his appellate rights, noting specifically that the petitioner was waiving the right to file a habeas petition challenging the legality of his sentence if the Court found that his guideline level was 28 or less before any credit for acceptance of responsibility. (Doc. 74, p.19).

The petitioner then testified under oath that no one had attempted to force him to plead guilty nor threatened him in order to get him to plead guilty. (Doc. 74, pp. 26-27). In addition he testified that he was completely satisfied with the legal assistance, the counseling, the actions, and the advise that his counsel provided him in the case. (Doc. 74, pp. 20-21). Finally, the petitioner testified that it was his own free and voluntary decision to plead guilty. (Doc. 74, p.27). He then admitted his guilt to Count One of the indictment. (Doc. 74, p. 35).

To establish the factual basis for the plea, the Government presented the testimony of Michael Weiss of the Harrison County Sheriff's Department. (Doc. 74, pp. 36-38). The petitioner did not contest the factual basis of the plea.

At the conclusion of the hearing, the Court determined that the petitioner was fully competent and capable of entering an informed plea. The Court also found that the petitioner understood the nature of the charges contained in Count One and understood the rights he was giving up by pleading guilty, including all those rights associated with a jury trial. The Court further found that the petitioner understood the maximum statutory penalty that he was subjecting himself to by pleading guilty to that charge and furthermore, that he understood the interplay of the guidelines, the limits of the plea agreement and the nonbiding nature of that plea agreement on the District Judge as part of the sentencing process. Accordingly, the Court found that the petitioner had made a knowing,

voluntary, and intelligent plea of guilty. (Doc. 74, p. 40).

On October 13, 2011, the petitioner appeared before the Court for sentencing. The Court found that the petitioner's base offense level was 26 and a two level increase was appropriate by application of the specific offense characteristic under Guideline 2D1.1(b)(1) because law enforcement recovered two firearms in close proximity to the drug proceeds and drug trafficking paraphernalia. Accordingly, the petitioner's adjusted offense level subtotal was 28. The Court then adjusted downward two levels for acceptance of responsibility and granted the government's motion for a third level adjustment. Accordingly, the petitioner's total offense level was 25, and his criminal history category was IV. Therefore, his Advisory Guidelines was 84 to 105 months of imprisonment. After considering several factors, including the circumstances of both the crime and, in great detail, the defendant's upbringing and personal history, as well as the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 90 months imprisonment (Doc.54).

## B. Direct Appeal

The petitioner did not appeal his conviction and sentence.

## C. Federal Habeas Corpus

The petitioner alleges ineffective assistance of counsel for failure to move to suppress evidence arising from the use of a GPS system (Doc. 67, p.5). The petitioner contends that due to his counsel's failure to move to suppress evidence arising from a GPS system the government was able to use said evidence to obtain a search warrant (Id.). The petitioner claims that obtaining a search warrant using evidence from a GPS system without a warrant for the use of the GPS violates the findings in United States v. Jones, 132 S.Ct. 945 (2012).

The government contends that the petitioner is procedurally barred from bringing a §2255

motion because his waiver of appellate rights is valid (Doc.#76, p.3). The government argues that both the constitutional and statutory rights to collaterally attack a plea of guilty can be waived (Doc. 76, p.3). The government argues that waivers are "valid" when the allegations fall within the "scope" of the waiver, United States v. Blick, 408 F.3d 162, 169-170 (Doc.#79, p.3).

Specific to the instant case, the government claims that the petitioner's waiver is valid because it was "knowingly and voluntarily made, United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). According to the government a waiver is knowingly and voluntarily made if the defendant has the ability to understand the waiver provision, the plea agreement as a whole, and the plea colloquy (Doc.76, p.3). Moreover, the government claims the petitioner's allegations can be dismissed because they are directly contradictory to statements he made under oath affirming his understanding of the plea agreement (Doc.76, p.4).

## III. Standard of Review

### A. § 2255 Standard

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court in imposing sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a 2255 motion seeks to deny, evade, or impeach a judgment, claims of error that have previously been raised and rejected on direct appeal of that judgment may not be raised again in a § 2255 motion. United States v. Harrison, No. 96- 7579, 1997 WL 499671, at *1 ( 4th Cir. August 25, 1997) (unpublished).

Nonetheless, a § 2255 motion is not an alternative to filing a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477, n.10, (1976)(citing Davis v. United States, 417 U.S. 333, 345-46 and n.15 (1974); Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009)("A petitioner who waives the right to appeal is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.")(Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0)(2006-2007) (emphasis in the original) (internal citations omitted). Nonconstitutional claims that **could have** been asserted on direct appeal may be raised in a § 2255 motion only if the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice" *Stone*, 428 U.S. 477 n. 10 (quoting Davis, 417 U.S. at 346; Hill v. United States, 368 U.S. 424, 428 (1962)) or is "inconsistent with the rudimentary demands of fair procedure." United States v. Timmereck, 441 U.S. 780, 784 (1979).

Similarly, a constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. Massaro v. United States, 538 U.S. 500, 504 (2003) (citing Bousley v. United States, 523 U.S. 614, 621-22 (1998)); Frady, 456 U.S. at 167-68; United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). To establish "actual prejudice," The movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett,

6

126 F.3d 561, 572 (4th Cir. 1977)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To demonstrate a miscarriage of justice, the movement must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

## IV. Analysis

### A. Ineffective Assistance Prior to Plea Agreement

The plaintiff raises two objections in his § 2255 motion, both relating to counsel's performance prior to the plea agreement. First, he alleges that counsel was ineffective by failing to file a motion to suppress evidence which was obtained via a warrantless GPS system. Second, the petitioner alleges that counsel was ineffective because he failed to advise him that he was giving up the right to challenge the GPS issues by virtue of his plea.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel during their criminal proceedings, a right which extends to the plea-bargaining process. Strickland v. Washington, 466 U.S. 668, 686 (1984); Lafler v. Cooper, ____U.S.____, 132 S.Ct. 1376 (2012). However, "[i]t is well-established that a voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivations." Fields v. Att'y Gen. Of Maryland, 956 F.2d 1290, 1294 (4th Cir. 1992); *see also* Tollett v. Henderson, 411 U.S. 258, 266 (1973). A voluntary and intelligent guilty plea amounts to an admission of the material elements of the charged crime, McCarthy v. United States, 394 U.S. 459, 466 (1969); consequently, it generally constitutes a waiver of **all claims** relating to non-jurisdictional errors that occurred prior to the plea. United States v. Partlow, 301 Fed.Appx. 297,

7

298 (4th Cir. 2008)(citing Tollett, 411 U.S. at 267); *see also* United States v. McCleary, No. 95-6922, 1977 WL 215525 (4th Cir. May 1, 1997)(unpublished). "Thus where a defendant does not challenge the jurisdiction of the courts 'power to enter the conviction or' impose the sentence,' 'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.'" United States v. Fabian, 798 F.Supp.2d 647, 669 (D. Md. 2011) (quoting United States v. Broce, 488 U.S. at 569 (1989)). When examining an ineffective assistance of counsel claim in the face of a guilty plea, the "focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea not the existence as such of an antecedent constitutional infirmity." Tollett, 411 U.S. at 266; *see also* Fields, 956 F.2d at 1297 n.17 (the [c]onduct of counsel occurring prior to entry of a guilty plea may be examined in evaluating the extent to which the prior representation influenced the voluntary and intelligent character of the guilty plea entered").

While "assistance which is ineffective in preserving fairness does not meet the [Sixth Amendment] constitutional mandate...defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." Mickens v. Taylor, 535 U.S. 162, 166 (2001(internal citations omitted). In Strickland, the Supreme Court adopted a two-prong test to determine whether a criminal defendant received ineffective assistance of counsel. A defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-91. In the context of a guilty plea, the "performance" prong of the Strickland standard is the same: whether counsel's representation fell below an objective standard of reasonableness. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To establish the "prejudice" prong, the movant must show that "there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fabian, 798 F.Supp.2d at 670; Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). "[J]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Hence, "court[s] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks omitted). The inquiry under Strickland is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 778 (2011).

The petitioner claims that his counsel should have filed a motion to suppress evidence obtained from a warrantless GPS installed on his car and should have advised him that his plea agreement would preclude him from challenging his conviction on grounds of the warrantless GPS. In making these arguments, the petitioner relies on United States v. Jones, ___ U.S. ___, 132 S.Ct. 945 (2012). In Jones, the Supreme Court held that installation of GPS devices, such as the one used on the petitioner's vehicle, are "searches" and thus require a warrant. However, the Jones decision was decided on January 23, 2012, after the petitioner was sentenced.

The petitioner's counsel was not ineffective for following controlling circuit law at the time or being unaware the Supreme Court granted *certiorari* in a case pertinent to his client's pending case. United States v. McNamara, 74 F.3d 514, 515 (4th Cir. 1996); *see also* Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995). At the time the petitioner was considering a plea agreement, numerous circuits and courts within this circuit had held placement of a GPS tracking device did not constitute a search under the Fourth Amendment. *See, e.g.,* United States v. Pineda-Morreno, 591 F.3d 1212

(9th Cir. 2010); United States v. Garcia, 474 F.3d 994 (7th Cir. 2007); United States v. Narri, 789 F.Supp. 2d 646 (D.S.C. 2011). In fact, at the time of the petitioner's indictment, plea, and sentence, it appears that only one circuit had held installation of a GPS device without a warrant constituted a Fourth Amendment search. United States v. Maynard, 615 F.3d 544 (D.C. Cir. 2010).

Although the Fourth Circuit had not ruled on the issue at the time, the petitioner cannot overcome the strong presumption that counsel's performance was reasonable and might be considered a sound trial strategy. Strickland 466 U.S. at 689. "A defendant who accepts a plea bargain on counsel's advise does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit the evidence." Premo v. Moore, ___ U.S. ___, 131 S.Ct. 733, 744 (2011). The Supreme Court has recognized that in the context of a favorable plea agreement, "the decision to forego a challenge to [potentially suppressible evidence] may [be] essential to securing that agreement." Id. In this case, the plea agreement resulted in the government dismissing four counts against the petitioner, thus securing him a sentence that surely would have been below his guideline range had he been convicted on all five counts, and it is far from clear that a suppression motion would have been successful. Therefore, it cannot be said that the petitioner's counsel did not make a strategic decision to forego a suppression motion and recommend acceptance of a favorable plea offer or that counsel performed ineffectively.

### V. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction, and his claim of ineffective

assistance of counsel fails.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: June 20, 2013

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE